# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OFALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **DIANNA HENDRCKS,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.:** |
| ) | |
| **vs.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **JACK'S,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

_____

This is an action filed under the Fair Labor Standards Act of 1938, *29 U.S.C. §§ 201et. seq.* (hereinafter the " Fair Labor Standards Act" or "FLSA"). The plaintiff, Dianna Hendricks (hereinafter "Hendricks" or "Plaintiff"), (on behalf or herself and others who may be similarly situated) seeks payment for wages due and overtime worked and liquidated damages that she was deprived of due to Jack's consistent and willful violations of the FLSA. Plaintiff further seeks reasonable attorneys' fees and costs pursuant to *29 U.S.C. § 216(b)*.

## **JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this Court by *29 U.S.C. § 216(b)* of the Fair Labor Standards Act, by *28 U.S.C. § 1331,* this action arising under the laws

of the United States, and by *28 U.S.C. § 1337,* this action arising under Acts of Congress regulating commerce.

2. Venue in this Court is proper pursuant to *28 U.S.C. § 1391(b)* as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

3. Defendant Jack's and its proprietor(s), (hereinafter collectively as "Defendant"), transact business as Jack's, an entity transacting business in Alabama. Defendant employed Plaintiff to labor for its benefit in this federal district at its business location at Ft. Payne, Alabama.

4. Defendant systematically and willfully denied Plaintiff and others similarly situated to her wages due and owing under the Fair Labor Standards Act, *29 U.S.C. § 201*, *et. seq.* by, *inter alia*, failing to pay its employees for all hours worked and failing to pay Plaintiff overtime compensation.

5. This Court is empowered to issue a declaratory judgment pursuant to *28 U.S.C. §§ 2201 and 2202*.

## PARTIES

### A. Plaintiff

6. Plaintiff is over the age of nineteen (19) years, is a resident of the State of Alabama, currently resides in Mentone (DeKalb County), Alabama, and is a former employee of Defendant.

7. During all times relevant to this Complaint, Plaintiff was an employee of Defendant and was subject to the full protection of the Fair Labor Standards Act.

8. Neither Plaintiff's duties nor compensation was such as to exempt Plaintiff from the coverage of the Fair Labor Standards Act.

### B. Defendant

9. Jack's is a business organization currently operating and doing business in Alabama. Defendant's registered agent's address is 124 Oxmoor Road, Birmingham, Alabama 35209.

10. Defendant is an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act; specifically, Defendant engages in the business of food preparation, service and sales.

11. Further, upon information and belief, Jack's has gross revenues which exceed $500,000.00 per year.

12. Defendant is considered an employer within the meaning of the Fair Labor Standards Act, *29 U.S.C. § 203(d)*, and is not exempt from the Act.

## **GENERAL FACTUAL ALLEGATIONS**

13. Plaintiff is an adult resident of the State of Alabama, residing in DeKalb County.

14. Plaintiff began her employment at Defendant's location in Ft. Payne, Alabama in or about October 2016 and was responsible for performing non-exempt work.

15. At all times relevant to this Complaint, Plaintiff (and those similarly situated to her) was an employee who was engaged in interstate commerce, engaged in the production of goods for commerce, and/or employed by an enterprise engaged in commerce or in the production of goods for commerce, as considered under *29 U.S.C. § 207(a)(1)*, and, therefore was entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act.

16. Plaintiff typically and routinely worked one to two hours off the clock each shift for Defendant, as Defendant required Plaintiff to clock out, while she continued to work for Defendant, but did not pay her for this time.

17. Defendant's practices resulted in Plaintiff working in excess of 40 hours in a work week.

18. However, Plaintiff never received the overtime premium rate required by the FLSA for each hour worked above forty (40) in any workweek. Neither was she paid for all hours worked.

19. Plaintiff was paid an hourly rate, making about $755 weekly.

20. The duties assigned to and performed by Plaintiff did not exempt her from the protections of the FLSA.

21. Plaintiff believes and expects the discovery process to assist Plaintiff in gathering evidence which shows that Defendant did not compensate Plaintiff in the manner required by the FLSA.

22. Defendant has a duty under *29 U.S.C. § 211(c)* to keep certain records relating to the hours Plaintiff worked and the pay the Plaintiff received; Plaintiff will rely upon these records, assuming they are correct, as part of Plaintiff's case.

23. Defendant's violations of the Fair Labor Standards Act were willful and were the result of a conscious business decision made by Defendant to generate greater profit at the expense of employees.

24. Upon information and belief, Plaintiff is owed approximately $4,000 due to Defendant's violations of the Fair Labor Standards Act.

## COUNT ONE-VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay for All Hours Worked - 29 U.S.C. § 206)

25. Plaintiff re-alleges paragraphs 1 through 24 as though set forth verbatim herein.

26. Defendant has failed to compensate Plaintiff, and those similarly situated to her, for all hours Plaintiff worked during her employment.

27. Defendant, by such failure, has willfully, and without good faith, violated the minimum wage provision(s) of the Fair Labor Standards Act, *29 U.S.C. § 206*.

**COUNT TWO -VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**
**(Overtime Pay Violations - 29 U.S.C. § 207)**

27. Plaintiff re-alleges paragraphs 1 through 26 as though set forth verbatim herein.

28. Defendant failed to compensate Plaintiff, and those similarly situated to her, at the premium overtime rate for all hours worked above forty in each work week.

29. Plaintiff was not exempt from the protections of the Fair Labor Standards Act. Consequently, Plaintiff, and those similarly situated to her, must be paid overtime pay consistent with the FLSA.

30. Defendant's failure to accurately compensate Plaintiff and to pay overtime to Plaintiff, and those similarly situated to her, was willfully perpetrated. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff (and those similarly situated to her), is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to *29 U.S.C. § 216(b)*. Alternatively, should the Court

find Plaintiff did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiff (as well as those similarly situated to her) is entitled to an award of prejudgment interest at the applicable legal rate.

31. As a result of the aforesaid willful violations of the FLSA's overtime provisions, compensation, including overtime compensation has been unlawfully withheld by Defendant from Plaintiff, for which Defendant is liable pursuant to *29 U.S.C. § 216(b)*.

32. Plaintiff is entitled to damages equal to the mandated overtime premium pay preceding the filing of this Complaint.

33. Pursuant to *29 U.S.C. § 216(b)*, Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, Plaintiff requests this Court to enter judgment in favor of Plaintiff and against Defendant and grant to Plaintiff (and those similarly situated to her) the following relief:

A. All amounts of wages that Plaintiff should have received under the Fair Labor Standards Act but for Defendant's willful violations of Plaintiff's rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, *29 U.S.C. § 216(b)*;

B. All reasonable costs and attorneys' fees pursuant to Fair Labor Standards Act, *29 U.S.C. § 216(b)*, together with pre-judgment and post-judgment interest;

C. Compensatory damages;

D. A judicial determination that Defendants have violated the Fair Labor Standards Act as to Plaintiff; and

E. Any other relief this honorable Court finds to be just and equitable.

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

**THE UNDERSIGNED COUNSEL REQUESTS SERVICE TO DEFENDANTS BE PERFECTED VIA CERTIFIED MAIL BY THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA.**

    Respectfully submitted,

    */s/ Robert L. Beeman, II*
    Robert L. Beeman, II
    ASB-1838-E63R
    Attorney for Dianna Hendricks

**OF COUNSEL:**
BEEMAN LAW FIRM
3720 4th Avenue South
Birmingham, AL 35222
205.422.9015 (P)
800.693.5150 (F)

## **SERVICE OF PROCESS**

The clerk of court is requested to serve the following Defendant by certified mail at the following addresses:

Jack's
  c/o Ms. Pang Heu
124 Oxmoor Road
Birmingham, AL 35209